**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Justin Andrew Bach, | No. CV-25-00067-TUC-AMM |
| Petitioner, | **ORDER** |
| v. | |
| James Billingsley, | |
| Respondent. | |

On March 13, 2026, Magistrate Judge Bruce G. Macdonald issued a Report and Recommendation ("R&R") recommending this Court deny Petitioner's § 2241 habeas petition and dismiss this case with prejudice. (Doc. 16.) The Magistrate Judge notified the parties they had fourteen (14) days to file any written objections to the proposed findings and recommendation. (*Id.* at 7.) Neither party filed an objection, and the time to do so has now passed.

### I.      Standard of Review

A district court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), Advisory Committee Notes 1983 Addition. A district judge may "accept, reject, or

modify, in whole or in part, the findings or recommendations" of the magistrate judge. 28 U.S.C. § 636(b)(1).

**II.    Mailing Issues**

As a threshold matter, the Court will address the mailing issues that have arisen in this case. A review of the docket shows that Petitioner's mail has been returned as "undeliverable" since September 2025.

As is procedure with pro se litigants, the Clerk of Court mailed Petitioner a copy of the Magistrate Judge's September 10, 2025 Order substituting Respondent James Billingsley for Defendant United States Probation Office. (Doc. 14.) On September 22, 2025, Petitioner's mail was returned undeliverable to the Clerk of Court. (Doc. 15.) The reason listed was "Return to Sender, Refused, Unable to Forward." (*Id.*)

In light of this returned mail, and because the Federal Bureau of Prisons Inmate Locator indicated that Petitioner remained in custody at a Residencial Reentry Center in Phoenix, Arizona, the Magistrate Judge "instruct[ed] Respondent to deliver a copy of his Return and Answer and [the] Report and Recommendation to [Petitioner] within five (5) days of issuance of [the] recommendation and to file a notice of compliance when completed." (Doc. 16 at 6.)

Respondent filed a Notice of Compliance on March 16, 2026. (Doc. 17.) Respondent avowed that he sent copies of the Return and Answer and the R&R via First Class Mail to Petitioner at two addresses: Justin Andrew Bach, #82846-008, 1510 W. Colter Street, Apt #1, Phoenix, AZ 85015; and Justin Andrew Bach, #82846-008, FCI-Safford, P.O. Box 9000, Safford, AZ 85548. (*Id.* at 1.) The Clerk of Court also mailed Petitioner a copy of the R&R to "Bach, Justin 82846-008, Residential Reentry Office, 230 N. First Ave., Suite 405, Phoenix, AZ 85003." (Doc. 18.)

On March 23, 2026, Petitioner's mail to the Residential Reentry Office was returned undeliverable to the Clerk of Court. (*Id.*) The reason listed was "Return to Sender, Refused, Unable to Forward." (*Id.*) The Clerk of Court subsequently mailed Petitioner another copy of the R&R and a blank Notice of Change of Address form "at

the address provided by the BOP." On April 8, 2026, that mail was returned undeliverable with the listed reason as "Return to Sender, Attempted – Not Known, Unable to Forward." (Doc. 19.)

"The right to receive notice and the opportunity to be heard before the government takes action against an individual are at the heart of the right to due process." *Race v. Salmonsen*, 131 F.4th 792, 793 (9th Cir. 2025). In accordance with that right, the Court made several reasonable efforts to deliver notice to Petitioner and to allow him the opportunity to submit his objections to the Magistrate Judge's R&R for this Court's consideration. In total, a copy of the R&R was sent to Petitioner at three separate addresses.

It is unclear whether it was Petitioner, or someone else, who refused his mail on at least two occasions. Nevertheless, it is Petitioner's responsibility to ensure he registers an accurate and current address with the Court. As early as July 18, 2025, the Court informed Petitioner that he was required to "file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure." (Doc. 6 at 2.) Petitioner was further notified that "[f]ailure to comply may result in dismissal of this action." (*Id.*) There is no indication that Petitioner's copy of the July 18, 2025 Order was undelivered or returned. For these reasons, the mailing issues do not preclude the Court from considering the R&R without Petitioner's objections.

### III.    Analysis & Conclusion

The Court has reviewed the Magistrate Judge's R&R, the parties' briefs, and the record. The Court finds no clear error and will adopt the recommendation.

///

///

///

///

///

///

Accordingly,

**IT IS ORDERED** that the Report and Recommendation is **ADOPTED.** (Doc. 16.)

**IT IS FURTHER ORDERED** that Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 is **DENIED**. (Doc. 1.) This matter is **DISMISSED WITH PREJUDICE**. The Clerk of Court shall enter judgment accordingly and close this case.

Dated this 9th day of June, 2026.

Honorable Angela M. Martinez
United States District Judge